[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Although this appeal has been placed on the accelerated calendar, we elect to issue a full opinion pursuant to Loc.R. 12(5).
Appellant Teresa Snyder appeals a judgment of the Court of Common Pleas of Union County, Domestic Relations Division, finding Appellant in contempt of its shared parenting decree for refusing to return her son to the child's father, Appellee Keith Snyder, after a weekend visitation.
On May 15, 1997, the trial court issued a journal entry of divorce for the parties. At the same time, the court also issued a shared parenting order which specified custody of the parties' minor child, Timothy Allen Snyder, d.o.b. September 2, 1995. The custody order stated that the child's residence would alternate between the parties' homes every four months.[1] During the time that Timothy resided with one parent, the other parent would have visitation rights every other weekend.
The parties adhered to this rotating schedule until Sunday, March 22, 1998, when Appellant failed to return Timothy to Appellee's residence after a weekend visitation. On April 1, 1998, Appellee filed a motion requesting the court to find Appellant in contempt. The court conducted a prompt hearing on the matter approximately two weeks later on April 16, 1998. The following facts were adduced at trial:
Pursuant to the terms of the shared parenting decree, Timothy was supposed to reside with Appellee in Union County at all times relevant to this appeal. Appellant exercised her visitation rights with Timothy in Scioto County during the weekend of March 20, 21, and 22, 1998. Appellant was scheduled to work most of Sunday, March 22, so she asked her mother and grandmother to babysit. Although the testimony did not clearly state the reason, the child was taken to an emergency pediatric clinic that day while in the care of Appellant's mother and grandmother. Again, the testimony is unclear, however, it was established that immediately after the visit to the clinic, a confidential call was placed to Scioto County Children's Services. Roger Sessor, an investigator with that agency, initiated an investigation based on the caller's allegations that the child had been sexually abused by his father.
After Appellant returned home from work that evening, she drove Timothy to Appellee's residence for the usual 7 p.m. Sunday evening transfer. Since Appellee was not home yet, Appellant waited outside with the child. During that time, at approximately 7:20 p.m., Appellant received a call on her cellular phone from Sessor advising her to take the child back to her home in Scioto County pending the results of his investigation into the allegations made earlier that day. He also assured Appellant that he would inform the trial court of the arrangement. In addition, Sessor advised Appellant that Union County Children's Services would be apprised of the investigation since it was alleged that the abuse occurred while the child resided with his father in Union County.[2] Based upon Sessor's statements, Appellant took the child back to her home where he remained until the date of the hearing.
Thereafter, neither Children's Services nor Appellant took steps to initiate legal action in order to obtain the Union County court's approval for this deviation from its shared parenting order.[3] Although Sessor contacted Appellee that same evening, he refused to offer any details as to the reason for the investigation and the denial of custody. In addition, Appellee was also unsuccessful in his several attempts to get any information from Appellant or her family. The testimony also revealed that the child was denied all telephone contact with his father.[4]
Based upon the foregoing, the court found Appellant in contempt. She was sentenced to serve thirty days in jail; twenty-eight of those days were suspended. The court ordered the child returned to Appellee's custody[5] and ordered Appellant to pay costs and attorney fees.
The instant appeal followed.
Appellant asserts the following as her first assignment of error:
 The court erred to the prejudice of the Appellant by finding the Appellant in contempt of court.
Appellant asserts that she kept Timothy away from his father until the date of the hearing because of Roger Sessor's recommendation and his assurance that he would contact the court. Consequently, Appellant argues that the trial court erred in finding her in contempt because the evidence did not demonstrate that she willfully defied the shared parenting order.
Contempt of court occurs when an individual disobeys an order of the court thereby acting to "[bring] the administration of justice into disrespect, or * * * [to] embarrass, impede or obstruct a court in the performance of its functions." WindhamBank v. Tomaszcyzk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. It is well established that the element of intent or a showing of willful disobedience is not necessary for a finding of contempt in cases where it has been alleged that a court order was violated:
 [P]roof of purposeful, willing or intentional violation of a court is not a prerequisite to a finding of contempt. * * * It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result.
 Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140, citing Pedone v.Pedone (1983), 11 Ohio App.3d 164. Based upon the foregoing, good faith is not a defense to a charge of contempt.
This court has held that an individual charged with contempt "may defend by proving that it was not in his power to obey the order." Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334
(holding that a finding of contempt was inappropriate where the facts established that a father had no ability to meet his weekly child support obligation.) In the case at bar, Appellant offered no evidence that it was not in her power to obey the shared parenting decree. Rather, Appellant relies on Pettry v. Pettry
(1984), 20 Ohio App.3d 350, to bolster her contention that her actions were justified because the child would have been in danger of great physical harm had he been allowed to live with his father. Appellant's reliance on Pettry is misguided.
Pettry held that a court may deny a parent's request for visitation if there is evidence of the potential for physical harm. Pettry contains nothing about one parent's ability tounilaterally deny custody to the other parent when a sharedparenting decree has been issued. Thus, we find that only the trial court had the authority to deny Appellee's custodial rights if the threat of physical danger existed.
Although Appellant may have been justified in heeding Sessor's advice by taking the child back to her home on March 22, 1998, we find that she had an obligation thereafter to promptly follow-up in order to secure the permission of the Union County court to withhold Timothy from his father during the pendency of the investigation. The testimony clearly demonstrated that even though Appellant had the child for approximately twenty-five days, she did not act with the authority of the trial court nor did she take any steps to attempt to secure the court's approval of the arrangement. The fact that Sessor informed the trial court through the April 6, 1998 letter is of no consequence since it could not effect the terms of the existing custody order.
Because we find that Appellant ignored her obligation to obtain the approval of the divorce court before or immediately after deviating from the shared parenting order, Appellant's arguments do not persuade us that the trial court erred in entering a finding of contempt. Accordingly, Appellant's first assignment of error is overruled.
Appellant's remaining assignments of error address the issue of the trial court's decision to award attorney fees. For the sake of clarity, we will review Appellant's third assignment of error first:
 The court erred to the prejudice of the Appellant by awarding attorneys [sic] fees over objection without a showing of reasonableness or necessity.
In Hockenberry v. Hockenberry (1992), 75 Ohio App.3d 806, this court held that certain criteria must be referenced when deciding whether an award of attorney fees is reasonable. Such criteria includes "the time and labor involved, the fee customarily charged in the locality and the nature and length of the professional relationship with the client." Id. at 810. In the case at bar, Appellant argues that the evidence is devoid of any mention of these factors, thus, the trial court's decision to award attorney fees was unreasonable. We disagree.
The testimony revealed that Appellee agreed to pay his attorney's fee of $110 per hour for any work done on the instant contempt matter. Appellee's bill stated that his attorney worked a total of 7.4 hours preparing the case, excluding the date of the hearing. Appellee stated that in his opinion the fees were reasonable when compared to the fees of other attorneys he had contacted in the community. Appellee also noted that the services had been detailed for him on the bill and that he felt everything the attorney did was appropriate. In addition, when asked by the court, counsel for Appellee stated that his fees were reasonable and necessary. We find that the foregoing evidence sufficiently complies with Hockenberry, supra, in that it demonstrates that the fee award was reasonable.
However, assuming arguendo that the record did not clearly establish the reasonableness of the attorney fees, we find that in this case, such evidence was not necessary.
 [W]here the amount of the attorney's time and work is evident to the trier of fact, an award of attorney's fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion.
 Kreger v. Kreger (December 11, 1991), Lorain App. No. 91CA005073, unreported.
The attorney's fees in the case at bar were certainly not excessive. Indeed, due to the relatively low amount charged to Appellee, the trial court could have easily implied that the attorney's fees were reasonable and necessary for the time and effort expended on the contempt action. Therefore, even if the evidence did not satisfy the Hockenberry requirements, we would not conclude that the trial court abused its discretion by awarding attorney's fees.
Accordingly, Appellant's third assignment of error is overruled.
Appellant asserts the following as her second assignment of error:
 The court erred to the prejudice of the Appellant by ordering attorney's fees in the incorrect amount.
At the conclusion of the hearing, the court ordered Appellant to pay $700 as and for attorney's fees within sixty days from the date of the hearing. The journal entry, however, ordered Appellant to pay a total of $935 in attorney's fees.[6]
Appellant contends that the trial court erred in issuing a journal entry that did not reflect the statements made on the record. We disagree due to the fact that Appellant failed to bring this alleged error to the trial court's attention.
 An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.
 Paulding-Putnam Cooperative, Inc. v. Kohlman (1997), 117 Ohio App.3d 156,161, citing State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
The record demonstrates that the foregoing argument was not raised prior to the filing of the instant appeal. Appellant did not inform the trial court of any objection to the content of the journal entry. In fact, counsel for Appellant placed his signature thereon which evidences an agreement with the trial court's calculation of attorney fees. Appellant's argument that the journal entry had to be prepared in a timely manner does not excuse the failure to alert the trial court of an objection to the journal entry at a time when an error could have been corrected. Thus, since we find that Appellant waived the matter in the trial court, we decline to consider it here.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] Appellant resides in Scioto County while Appellee maintains his residence in Union County.
[2] Union County Children's Services became the lead investigating agency due to Appellee's residency.
[3] The only contact with the court was through a letter written by Sessor to the trial judge on April 6, 1998, stating that Appellant agreed to take Timothy out of Appellee's home during the investigation in order to ensure the child's safety.
[4] Sessor stated that he did not advise Appellant to deny Appellee telephone contact with Timothy.
[5] The investigation had been completed two days prior to the morning of the hearing and the allegations were deemed unsubstantiated. However, Appellant stated that she was not informed of that fact until April 16, 1998.
[6] Counsel for Appellee prepared the entry and states in the appellate brief that an extra 1.1 hours was added for time spent on the day of the hearing.