OPINION
This appeal arises from the judgments of the Crawford County Court of Common Pleas, Domestic Relations Division, pertaining to its award of appreciation in the value of stock and an award of attorney fees.
Appellant, Carl Weithman, filed for divorce on November 3, 1998. Appellee, Joyce Weithman, filed a cross-complaint for divorce, and a final hearing was conducted before a magistrate on September 28, 1999. On January 6, 2000, the magistrate issued her decision. Appellant filed objections to the magistrate's decision, in particular, with regards to the award of two of the four shares of Weithman Bros., Inc. stock to appellee and an award of attorney fees to her in the amount of $1,500. The trial court adopted all aspects of the magistrate's decision except as to the stock issue. On this issue, the trial court did make a specific finding that the transfer of the Weithman Bros., Inc. stock from appellant's father was intended as a gift to appellant, and remanded the matter to the magistrate.
On remand, the magistrate found that the record established that the value of the shares at the date of divorce hearing was $40,412.56 per share and that the value at the time of transfer to the parties was $18,947.37 per share. The magistrate further found that the stock was appellant's separate property, but concluded that this appreciation in value was marital property because appellant "was employed by the corporation" after the gift of the stock to him. Thus, the magistrate determined that appellee was entitled to one-half of the appreciation in value, or $42,930.38. The trial court found sufficient evidence to support the magistrate's conclusion, over appellant's objection.
Appellant now appeals, raising two assignments of error. For his first assignment of error, appellant asserts:
 The trial court erred in finding that the appreciation in the separate property of the plaintiff-appellant was marital property and subject to division by the court.
 Appellant argues that the trial court abused its discretion and erred as a matter of law when it found the appreciated value of appellant's four shares of Weithman Bros., Inc. stock was marital property. Appellant argues that there is no evidence that the increase in the value was due to his labor, money, or in- kind contributions and thus, the increase was passive appreciation and remains separate property.
A trial court is vested with broad discretion in making divisions of property in domestic cases, and a reviewing court will not disturb a trial court's decision absent an abuse of discretion. Middendorf v.Middendorf (1998), 82 Ohio St.3d 397, 401. R.C. 3105.171 governs the division of property in a domestic case. In particular, R.C. 3105 .171(A)(3)(a)(iii) defines marital property to include "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." (Emphasis added.) Separate property, on the other hand, includes any passive income and appreciation acquired from separate property during the marriage. R.C. 3105.171(A)(6)(a)(iii). Passive income is defined as income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse. R.C. 3105.171(A)(4).
In Middendorf, the Ohio Supreme Court found that some competent, credible evidence supported the conclusion that the appreciation in the business' value, during the marriage, was due to the husband's labor. The court recognized that in today's business environment, executives and managers figure heavily in the success or failure of a company, and that because "[t]hese individuals are the persons responsible for making pivotal decisions that result in the success or failure of the company" these factors should be relevant in determining a spouse's input into the success of a business. As for the husband in that case, he did have responsibility as a livestock buyer and co-owner of the stockyard for making calculated decisions that also affected profitability.
This case is distinguishable from Middendorf. Appellant was a salaried office employee of Weithman Bros., Inc. from 1994 until he left the company in March 1997. However, there was no testimony which indicates that appellant was a decision maker, much less that his role directly contributed to the increased value of the company stock. In view of the lack of such evidence, the requirements of R.C. 3105.171(A)(3)(a)(iii) are not met. Therefore, the trial court abused its discretion in finding that the appreciation in the value of appellant's stock was a marital asset to be divided between the parties. Appellant's first assignment of error is sustained.
For his second assignment of error, appellant asserts:
 The trial court erred in awarding an allowance for attorney fees to defendant.
 R.C. 3105.18(H) authorizes the trial court to award attorney fees in a divorce proceeding. It states as follows:
 In divorce *** proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings *** if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
 This court has held that when deciding whether an award of attorney fees is reasonable, consideration should be given to certain criteria pertinent to the reasonableness of fees. See Hockenberry v. Hockenberry (1992), 75 Ohio App.3d 806, 810. These include "the time and labor involved, the fee customarily charged in the locality and the nature and length of the professional relationship with the client." Id.; see, also, Swanson v. Swanson (1976), 48 Ohio App.2d 85; DR 2-106(B) Code of Professional Responsibility. In the instant case, appellant argues that there is no mention of, nor any evidence of, these factors, and thus, the trial court's award of $1,500 attorney fees was an abuse of discretion.
Appellee's trial brief reflects that she requested attorney fees in the amount of $2,500 due to the substantial disparity in their incomes. A review of the record reveals that there was no evidence introduced concerning attorney fees. Further, the record does not reflect that the trial court's award was based upon consideration of any of the factors relating to the reasonableness of attorney fees. As a result, based on the state of the record, we have no choice but to find the award of attorney fees to appellee to be an abuse of discretion. Accordingly, appellant's second assignment of error is sustained.
For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.
 ____________ SHAW, J.
BRYANT and HADLEY, JJ., concur.