OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Masters, Appellant, v. Masters, Appellee.
[Cite as Masters v. Masters (1994), Ohio St. 3d .]
Domestic relations -- Custody -- Trial court abuses its
      discretion when it uses a document filed in compliance
      with a local rule as the only evidence to remove a child
      from the mother's custody -- Filing of a motion to remove
      child from Ohio that merely reflects mother's desire to
      leave the state does not on its own constitute a
      "substantial change" in circumstances under R.C. 3109.04.
      (No. 92-668 -- Submitted February 1, 1994 -- Decided April
27, 1994.)

Appeal from the Court of Appeals for Allen County, No. 1-91-23.

Monica L. Masters ("Monica"), appellant, and Shawn M. Masters ("Shawn"), appellee, were married on February 6, 1987. On May 24, 1987, Meredith Masters was born into this marriage. On June 1, 1989, this marriage was dissolved by an entry of dissolution which included a separation agreement. In this document, Monica was designated as Meredith's custodial parent, and Shawn was entitled to visit the child.

On July 26, 1990, Monica filed a motion with the Common Pleas Court of Allen County requesting permission to remove Meredith from the state of Ohio as required by Loc. R. 23(H) of the Standard Visitation Guidelines of the Court of Common Pleas of Allen County. In the motion, Monica declared:

"In support of her motion, movant states that she has recently remarried and desires to relocate to Etowah, Tennessee. Movant's husband, Scott Seymour, has relatives in Tennessee and the family now desires to live in Etowah, Tennessee. In addition, the movant states that she is employed at Pearl Vision Express in Lima, Ohio and that she anticipates moving into a management position with Pearl Vision Express in the Tennessee area. Movant avers that her career/employment plans require her relocation to Tennessee."

On August 13, 1990, Shawn filed a memorandum in opposition to Monica's motion and a Motion for Modification of Custody. In this motion, Shawn asked to be designated as Meredith's custodial parent.

After hearing two days of testimony, Referee Richard E. Cheney issued a report recommending that Monica's motion to leave the state should be overruled. In the report, the referee declined to decide the merits of Shawn's motion to modify custody until Meredith was removed from the state.

The trial court rejected the referee's first report and remanded the case to the referee so that the merits of Shawn's motion to modify custody could be determined. The referee then issued a supplemental report which found that:

"[T]he Referee cannot find a change of circumstances to warrant a modification of custody except for the removal of the child from this area."

The supplemental report also stated:

"Now that the Referee has been Ordered to make a decision, the Referee therefor [sic] presumes that the Plaintiff [Monica] fully intends to move from this area even though she does not have a job in Tennessee at this time and therefore the Referee finds a substantial change of circumstances and that there can be possible emotional harm to the chid [sic]."

The referee then recommended that Shawn's motion to modify custody be sustained.

The trial court affirmed the referee's initial and supplemental reports. It also overruled Monica's objections to the reports. When addressing Monica's objection which contested the referee's presumption that Monica intended to leave the state, the trial court noted:

"Based upon the independent review, this Court concludes that Monica Masters does intend to leave Ohio and relocate in Tennessee. She states the same in her motion. To now argue that no such move is imminent is ludicrous. The removal of the child from Ohio to Tennessee is a significant change of circumstance to permit this Court to consider a modification of custody."

The Court of Appeals for Allen County affirmed the trial court's decision.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Clayton P. Osting, for appellant.
Daley, Balyeat, Balyeat & Leahy and Andrew C. Balyeat, for appellee.

Pfeifer, J.     It has long been a recognized rule of law that for a reviewing court to overturn a trial court's determination of custody, the appellate court must find that the trial court abused its discretion. The abuse of discretion standard has been defined as "'"more than an error at law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" Miller v. Miller (1988), 37 Ohio St.3d 71, 73-74, 523 N.E.2d 846, 849.

We find that when the trial court sustained Shawn's motion to modify custody, it abused its discretion.

Courts are not permitted to modify custodial arrangements on a whim. Instead, former R.C. 3109.04(B)(1)1 requires:

"Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds that the custodial parent or one of the joint custodial

parents continuously and willfully has denied the other parent his right to visitation in accordance with an order of the court, or it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

"(d) The custodial parent or one of the joint custodial parents continuously and willfully has denied the other parent his or her right to visitation in accordance with an order of the court."

Although it might be possible to reverse the trial court because its finding that the intention of one parent to leave the state does by itself empower a court to modify custody pursuant to former R.C. 3109.04(A), we instead focus on the court's determination that Monica intended to leave Ohio.

In oral argument, appellee's counsel conceded that the only reason why the trial court modified custody was it determined that Monica intended to move from the state. In its opinion, the trial court cites Monica's motion to remove Meredith from the state as the only evidence to support its conclusion that Monica intended to leave the state.

We hold that it is an abuse of discretion for a court to use a document filed in compliance with a local rule as the only evidence to remove the child from the mother's custody. The filing of a motion to remove the child from Ohio that merely reflects the mother's "desire" to leave the state does not on its own constitute a substantial change in circumstances under former R.C. 3109.04.

To hold to the contrary would produce an unconscionable result. A custodial parent contemplating the possibility of moving from the state would be deterred from complying with the local rule, because, by complying with the rule, she would be immediately jeopardizing her custodial rights with her child -- whether or not the motion is granted. This absurd result was not intended by the General Assembly when it specifically delineated in former R.C. 3109.04(A) those circumstances which warrant a modification of custody.

The trial court abused its discretion because we hold it is unconscionable for a trial court to modify custody when the only evidence supporting its conclusion is the filing of a motion to remove the child from the state, which reflects a desire to leave the state and which must be filed according to local rule. The record reveals no defensible reason to modify the custody of Meredith Masters.

Accordingly, the judgment of the court of appeals is reversed.

Judgment reversed.

A.W. Sweeney, Douglas, Young, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., concurs in judgment only.

Frederick N. Young, J., of the Second Appellate District, sitting for Wright, J.

FOOTNOTES:

1    This version of R.C. 3109.04 was in effect at the time that Shawn filed his motion to modify custody.  See 143 Ohio Laws, Part IV, 5957, 5965.