OPINION
{¶ 1} Appellant, Angie Criado, appeals from a judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, designating appellee, David Truesdell, as the primary residential parent and legal custodian of the parties minor child, Trevor. For the reasons that follow, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 {¶ 2} On December 13, 1996, the juvenile court, in accordance with former R.C. 3111.22, entered an order adjudicating appellee as Trevor's father and designating appellant as the child's residential parent and legal custodian. Nearly four years later, the parties entered into a shared parenting plan in which appellant maintained her status as Trevor's residential parent and legal custodian and appellee received visitation privileges.
 {¶ 3} However, on May 1, 2001, appellant filed a notice of intent to relocate to Summit County with Trevor. In her notice, appellant explained that the relocation was in Trevor's best interest because it would enable her to be "closer to her place of employment [and] become financially stable * * *." Appellee responded by filing a motion to modify the shared parenting plan based on a change in circumstances, and to designate him as the residential parent.
 {¶ 4} The trial court held a hearing, and in a judgment entry dated September 11, 2001, denied appellant's request to relocate and granted appellee's motion to modify custody. Accordingly, the court named appellee the "primary residential parent for educational purposes." (Emphasis added.)
 {¶ 5} Seven months later, appellee filed a motion with the trial court asking for a restraining order against appellant to prevent her from interfering with his custody of Trevor. Appellee maintained that appellant had told Trevor's school that she had "full custody and control" of the child. He also claimed that appellant had violated the court's September 11, 2001 order by keeping Trevor at her house. As a result, appellee asked the trial court to issue an order "correcting" the court's September 11, 2001 judgment and "designate him [as Trevor's] residential parent and legal custodian" and also restraining appellant from interfering with his custody.
 {¶ 6} On the same day appellee filed his motion, the trial court issued an entry amending the court's earlier judgment. Specifically, the court named appellee as the primary residential parent and legal custodian of the parties' child and enjoined appellant from interfering with appellee's custody.
 {¶ 7} From this decision, appellant filed a notice of appeal with this court. She now submits the following assignments of error for our consideration:
 {¶ 8} "[1.] The court erred in denying Ms. Criado's notice of intent to relocate and further erred in modifying a non-existent shared parenting plan.
 {¶ 9} "[2.] The court erred in issuing a nunc pro tunc judgment entry which changed the residential parent from the prior court order."
 {¶ 10} Because appellant's assignments of error present related issues, we will consider them together. First, appellant contends there has been no order modifying her status as Trevor's residential parent and legal custodian since the court's original December 13, 1996 judgment. Therefore, appellant argues that she should be allowed to move from Ashtabula County to Summit County with her son, and that the trial court erred in refusing to allow her to do so.
 {¶ 11} The question of whether the trial court should have allowed appellant to relocate is not properly before this court at this time. App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." If a party fails to file her notice of appeal within thirty days, this court does not have jurisdiction to review the appealed judgment. In reSalsgiver, 11h Dist. No. 2002-G-2411, 2002-Ohio-3712, at ¶ 54.
 {¶ 12} In accordance with App.R. 4(A), appellant had thirty days from the September 11, 2001 judgment to appeal any issue relating to that order. Appellant, however, did not file the instant appeal until April 11, 2002, six months beyond the App.R. 4(A) deadline. Accordingly, we will not consider any argument concerning the trial court's decision to deny appellant's request to relocate and will limit our discussion to the matters contained in the court's April 10, 2002 judgment.
 {¶ 13} Next, appellant submits that, at most, the trial court's September 11, 2001 judgment entry named appellee Trevor's primary residential parent for educational purposes only. With that in mind, appellant argues that the court then erred when it issued a second judgment on April 10, 2002, designating appellee as the "primary residential parent and legal custodian of the parties (sic) minor child[.]" We agree.
 {¶ 14} R.C. 3109.04(E)(1)(a) governs motions to modify prior decrees allocating parental rights and responsibilities. It provides:
 {¶ 15} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 16} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 17} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 18} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 19} In order for a trial court to modify a prior child custody decree, therefore, the party requesting the modification must demonstrate the following: (1) a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree; (2) the requested modification is necessary to serve the best interest of the child; and (3) one of the three scenarios described in R.C. 3109.04(E)(1)(a)(i) through (iii) is applicable. Moreover, the best interest of the child is the paramount concern in child custody cases. Rowe v. Rowe (Dec. 17, 1999), 11th Dist. Nos. 98-L-073 and 98-L-163, 1999 WL 1313628, at 3. In determining the best interest of children, the trial court must consider all relevant factors, and only in this way can the trial court make a fully informed decision regarding the allocation of parental rights and responsibilities. Id.
 {¶ 20} A trial court's determination that a modification is warranted will not be disturbed absent an abuse of discretion. Davis v.Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 21} Here, the trial court never gave appellant an opportunity to challenge appellee's request to be named Trevor's residential parent and legal custodian. Furthermore, as the moving party, appellee was obligated to provide evidence that the modification was in the child's best interest. Considering that the trial court, without first holding a hearing, granted appellee's motion the day he filed it, the trial court did not give the request for modification proper consideration.
 {¶ 22} Having reviewed the record, we realize that the trial court treated its April 10, 2002 judgment as a nunc pro tunc entry. Unfortunately, the purpose of a nunc pro tunc entry is to correct a clerical mistake, not to change the legal relationship between the parties. As this court has previously observed:
 {¶ 23} "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. * * * It does not extend beyond the power to make the journal entry speak the truth * * *, and can be exercised only to supply omissions in the exercise of functions which are merely clerical * * *. It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide." (Citations omitted.) McKay v. McKay (1985),24 Ohio App.3d 74, 75.
 {¶ 24} As a result, a trial court may use a nunc pro tunc order to reflect its true judgment only if the amendment does not alter the substance of the previous decision. With respect to this case, changing a person's status from "primary residential parent for educational purposes" to "primary residential parent and legal custodian" is not simply correcting a clerical mistake; instead, it alters the respective position of the parties in a fundamental manner.[1]
 {¶ 25} Pursuant to the foregoing analysis, appellant's first and second assignments of error have merit to the extent indicated. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Cynthia Westcott Rice, J., concurs.
William M. O'Neill, J., concurs with concurring opinion.
[1] We further note that the relocation of a residential parent does not, by itself, constitute a change in circumstances justifying a modification of custody. Masters v. Masters, 69 Ohio St.3d 83, 86,1994-Ohio-483. See, also, Willoughby v. Masseria, 11th Dist. No. 2002-G-2437, 2003-Ohio-2368, at ¶ 23.