OPINION
{¶ 1} Defendant-appellant, Edith Wiesman, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating a shared parenting agreement and naming plaintiff-appellee, Jeffrey Wiesman, residential parent of their child. We affirm the decision of the trial court.
 {¶ 2} On June 13, 2001, appellant filed a motion for contempt and a request to modify the current shared parenting plan so as to alternate the tax exemption and to change the child's day-care provider and school. On October 18, 2001, appellee moved to modify parenting time, to terminate the parenting plan and for a psychological examination.
 {¶ 3} At the time of the hearing, the parties were operating under a shared parenting plan issued January 7, 1999, which allotted equal parenting time so that the parties alternated weeks. On April 10, 2002, a hearing was held before a magistrate. The magistrate issued a decision naming appellee the residential parent and granting appellant "parenting time on an alternating weekend basis from the end of school on Friday until the start of school on Monday morning." The decision further stated that "[d]uring the summer months, the parties shall switch this schedule in that [the child] will primarily be in mother's residence and father will have parenting time as reflected in the mother's schedule."
 {¶ 4} Appellant filed objections and a hearing was held before a judge on June 25, 2002. The judge issued a decision affirming "the allocation of parenting time." Appellant appeals the decision raising two assignments of error:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "Whether or not the trial court abuses it's [sic] discretion by terminating a shared parenting plan and awarding sole custody to parent based upon allegations of mental health counseling for one parent after it declines to hear the testimony of the treating psychologist and the information presented to the court does not show the mental health counseling has a detrimental or negative impact on that parent's ability to parent."
 {¶ 7} Appellant argues that "it is an abuse of discretion for a trial court to use unsubstantiated claims as a basis for using the mental health of a party as a sole basis to determine the best interest of a child."
 {¶ 8} Modifications of shared parenting agreements are governed by R.C. 3109.04(E)(2). The court may terminate a prior final decree that includes a shared parenting plan upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. R.C. 3109.04(E)(2)(c). The court thus has broad power to accept, reject, or change proposed modifications to a shared parenting agreement, or to terminate the agreement altogether, in the best interests of the child. Dobran v. Dobran, Mahoning App. No. 02 CA 14, 2003-Ohio-1605, at ¶ 14; Masters v. Masters, 69 Ohio St.3d 83, 85,1994-Ohio-483. A court's judgment modifying a shared parenting agreement may be reversed on appeal only for an abuse of discretion. Donovan v.Donovan (1996), 110 Ohio App.3d 615, 618. An abuse of discretion is more than an error of law or judgment, it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} Appellant claims that the court abused its discretion by using unsubstantiated claims of her mental health as a basis to determine the best interest of a child. However, we disagree that the court abused its discretion by using unsubstantiated claims of appellant's mental health. Appellant testified as to her own mental health history. Appellant was asked, "in your past as evidenced by the psychologicals, [you have had] two suicide attempts, is that correct?" She answered, "Yes." A report from the Children's Diagnostic Center states, appellant termed her suicide attempts "as an effort to gain attention." Furthermore, the Children's Diagnostic Center report stated that appellant "has a history of depression, suicidal ideation and attempt, and mental health treatment."
 {¶ 10} The trial court did not hear testimony from appellant's treating psychologist, Dr. Anthony Barone, because Dr. Barone did not disclose appellant's medical records that appellee requested. Appellant signed a release for her medical records and Dr. Barone sent appellee a two-page report in preparation for litigation instead of appellant's medical files. Appellee's counsel objected to Dr. Barone's testimony because he did not comply with the request for information. The magistrate sustained the objection to Dr. Barone's testimony, and the court asked appellant's counsel if he wanted to make a motion for a continuance so that Dr. Barone could comply with the requested discovery. Appellant's counsel instead withdrew Dr. Barone as a witness. As a result thereof, Dr. Barone's testimony was not admitted. Therefore, the evidence available to the trial court concerning appellant's mental health was her testimony, her self report, and the psychological evaluation of the Children's Diagnostic Center.
 {¶ 11} The trial court's decision is based upon competent, credible evidence. The decision was not unreasonable, arbitrary, or unconscionable. Therefore, the first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "Whether or not the trial court abuses it's [sic] discretion in determining the best interests of the child in terminating a shared parenting plan when it hears testimony and evidence clearly establishing that the parent denied sole custody has more availability for the child and is available to see the child off to school each morning."
 {¶ 14} Appellant argues that "the trial court abuses it's [sic] discretion when it fails to adhere to the standard for determining the Best Interest of the child in terminating a Shared Parenting Plan." Appellant maintains that her schedule "would permit her to see the child off to school before 9:00 a.m. and prepare a home cooked breakfast." Appellant argues that appellee wakes the child up at 5:30 a.m., takes him to McDonald's for breakfast, and takes the child to day care, where a day-care provider places the child on the bus for school. Therefore, appellant contends that the trial court abused its discretion when it "determined it was in the child's best interest to spend time in a third party day-care facility and eat breakfast at McDonald's rather than be with his suitable and appropriate natural mother with whom he has bonded."
 {¶ 15} A trial court's application of R.C. 3109.04(F)(1) to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415, at paragraph one of the syllabus, 1997-Ohio-260. An abuse of discretion is more than mere error but it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore,5 Ohio St.3d at 219. This court gives deference to the trial court's findings, understanding that "[t]he knowledge a trial court gains through observing the witnesses and the parties [during a proceeding] cannot be conveyed to a reviewing court by a printed record." Miller v. Miller (1988),37 Ohio St.3d 71, 74.
 {¶ 16} R.C. 3109.04 delineates the relevant factors the court shall consider when determining parental rights. The factors include, but are not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *
 {¶ 25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 27} When determining the custody of the child, whether a parent can place the child on the school bus in the morning or prepare a breakfast at home is not a significant factor under R.C. 3109.04. Therefore, the trial court does not abuse its discretion in failing to give that factor as much weight as other relevant factors listed in R.C.3109.04. The decision was not unreasonable, arbitrary, or unconscionable and will not be disturbed. The second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
YOUNG and POWELL, JJ., Concur.