OPINION
{¶ 1} Plaintiff-appellant, Tracy Fee, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, naming defendant-appellee, John Fee, the residential parent for the couple's child, ordering a deviation in child support, and valuing a 401K plan. We affirm the decision of the trial court.
 {¶ 2} The parties were married on November 14, 1998. One child was born to the marriage on January 4, 2000. The parties separated on May 22, 2001. Appellant filed a complaint for divorce on July 23, 2001.
 {¶ 3} Appellee moved out of the marital residence, but remained within the Lakota School District. Appellant remained in the marital residence, however, she filed a notification of moving with the court on July 29, 2002.
 {¶ 4} The trial court issued a decision on June 14, 2002. The decision provided for a shared parenting agreement. However, the shared parenting agreement did not state which parent was the residential parent for school purposes. Appellant filed a motion for clarification questioning who was to be the residential parent. On August 15, 2002, appellee was named the residential parent so the child could stay in the same school district. Appellant appeals the decision raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The Trial Court erred to the prejudice of plaintiff-appellant when it made appellee the residential parent for school purposes and in its order regarding visitation and transportation."
 {¶ 7} Appellant argues that the trial court abused its discretion in finding that it was in the child's best interest to designate appellee the residential parent. Appellant maintains that the court improperly "placed undue emphasis on a two-year-old's attachment to her school and community." Appellant also argues that the final shared parenting plan does not properly reflect the court's decision regarding "how and when the child is to be with each parent."
 {¶ 8} A trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 618. A reviewing court may not reverse a modification of parental rights absent an abuse of discretion. Mastersv. Masters, 69 Ohio St.3d 83, 85, 1994-Ohio-483. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id., quoting Miller v. Miller (1988), 37 Ohio St.3d 71,73-74.
 {¶ 9} The court did not name a residential parent in the shared parenting agreement because both parents lived within the same school district. However, appellee and appellant acknowledged that each wanted to be named the residential parent for school purposes. R.C.3109.04(E)(2)(b) sets forth the statutory guidelines to determine whether a trial court should modify a shared parenting plan:
 {¶ 10} "The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
 {¶ 11} R.C. 3109.04(F)(1) provides a nonexclusive list of considerations in determining the best interest of a child:
 {¶ 12} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 13} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 14} "* * *
 {¶ 15} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 16} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 17} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 18} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 19} "* * *
 {¶ 20} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 21} The court found that, "for purposes of determining the child's school district, * * * it would be in the best interest of the parties' minor child for the child to remain in the current community and school district, Lakota School District, because the parties lived within close proximity to each other and within the same school district when the case was tried to the Court. * * * As Father remains in the Lakota School District and continues to remain there and as Mother has moved from the District and has filed with the court her notification of moving to Loveland, Ohio, on July 29, 2002, Father's residence shall determine where the child attends school as long as Father lives within the Lakota School District."
 {¶ 22} The trial court noted that it considered all the factors under R.C. 3109.04 relating to the best interest of the child in making its determination. The court's decision regarding the naming of the residential parent was not arbitrary, unreasonable, or unconscionable.
 {¶ 23} Appellant also argues that the final shared parenting plan "does not accurately track the court's decision, that it contains ambiguities, and that it is inaccurate." As an example of the plan's ambiguity, appellant cites the plan's transportation order. The plan states, "both parents shall provide transportation at the commencement of their parenting time." Appellant asks, "[h]ow are `both' parents to provide transportation at the same time?"
 {¶ 24} We have reviewed the record and find no inaccuracy or ambiguity in the shared parenting plan. Clearly, the transportation provision in the plan states that when appellee begins his parenting time, he provides transportation, when appellant begins her parenting time, she provides transportation. Consequently, the first assignment of error is overruled.
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "The trial court erred to the prejudice of plaintiff-appellant when it ordered a deviation of child support."
 {¶ 27} Appellant argues the "factors cited by the court demonstrate that there was no valid reason for the court to deviate." Appellant maintains that the court abused its discretion in ordering such a deviation from support guidelines.
 {¶ 28} The Ohio Child Support Guidelines are intended to be used by the courts when determining the appropriate level of child support.Hurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3119.23, if it substantiates its decision by stating in its findings of fact the grounds for the deviation. See Hurdelbrink, id.; R.C. 3119.22. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 29} When making its determination, the court considered the relevant factors set forth in R.C. 3119.22, 3119.23 and 3119.24, and made findings of fact buttressing its decision to deviate from the guidelines.
 {¶ 30} The trial court substantiated its decision by stating the grounds for the deviation. The trial court noted that it based its decision "on the basis of the parties' income and the amount of time the child will spend with each parent, and the need for each parent to maintain an adequate home for the child." Upon consideration of these factors, the trial court determined that "guideline support is unjust and inappropriate and not in the best interest of the child." Therefore, the court ordered that "neither party shall pay child support to the other."
 {¶ 31} We find that the trial court stated its grounds for the deviation. The trial court did not act arbitrarily, unreasonably or unconscionably in deviating in the amount of child support. Therefore, the second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "The trial court erred to the prejudice of plaintiff-appellant when it did not account for or divide a marital loan taken against appellant's 401K plan."
 {¶ 34} Appellant argues that the trial court did not dispose of a $2,500 loan against appellant's 401K plan in its decision. Appellant maintains that the court's decision not to divide this loan was erroneous.
 {¶ 35} Marriage is a shared enterprise or joint undertaking. Berishv. Berish (1982), 69 Ohio St.2d 318. Upon termination of a marriage, the assets acquired through the joint efforts of the parties should be available for division and distribution. Id. Marital property is that resulting from the combined product of the parties' mutual efforts. Id. The trial court has broad discretion in dividing and distributing the marital estate between the parties. Teeter v. Teeter (1985),18 Ohio St.3d 76.
 {¶ 36} In exercising this discretion, the court not only allocates and equitably divides the marital assets, but also provides for the payment of all marital obligations and debts. All debts are not necessarily marital debts and equity generally requires that the burden of nonmarital debts be placed upon the party responsible for them. Consequently, any nonmarital debt belongs to the party who incurred the debt and is not subject to division.
 {¶ 37} R.C. 3105.171 requires an equitable division of assets and liabilities. While the starting place for an equitable property division is an equal assignment of marital debt and marital assets, after considering all the relevant factors in a case, a trial court may choose to award one party more of the marital debts or marital assets and still have an equitable order. Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph one of the syllabus.
 {¶ 38} The trial court determined that the 401K plan was a marital asset. Furthermore, the court stated that the $2,500 loan against the 401K plan was taken out on April 3, 2001, before the parties separated, and as it was used to pay household bills, it "was a marital loan." Therefore, the court explained that the value of the 401K plan, would not reflect the value of the $2,500 loan. However, a $1,150 loan was taken out by appellant, without appellee's knowledge, in July 2001 after the parties separated. Therefore, the trial court determined that the $1,150 loan was not a marital debt and ordered the value of the $1,150 loan to be added to the 401K before the account was equally divided.
 {¶ 39} A trial court's valuation of marital assets will be reversed only for an abuse of discretion. Goswami v. Goswami, 152 Ohio App.3d 151,156, 2003-Ohio-803, at ¶ 19. The decision was not unreasonable, arbitrary or unconscionable. Therefore, the third assignment of error is overruled.
 {¶ 40} Judgment affirmed.
Valen, P.J., and Young, J., concur.