[Cite as *In re B.K.*, 2013-Ohio-1190.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98730**

# IN RE: B.K. and S.C.
# Minor Children

[Appeal By D.P., Grandmother]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-03900658 and AD-02901218

**BEFORE:** E.T. Gallagher, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEYS FOR APPELLANT**

Kevin J.M. Senich
Michael B. Telep
4438 Pearl Road
Cleveland, Ohio   44109


**ATTORNEY FOR APPELLEE**

Lisa A. Hahn
8193 Avery Road
Suite 201
Broadview Heights, Ohio   44147


**GUARDIAN AD LITEM**

Christopher R. Lenahan
2035 Crocker Road
Suite 104
Westlake, Ohio   44145

EILEEN T. GALLAGHER, J.:

{¶1}   Appellant appeals the denial of her motion to intervene and motion to obtain legal custody of her grandchildren.   We find no merit to the appeal and affirm the trial court's judgment.

{¶2} In March 2002, the Cuyahoga County Department of Children and Family Services ("CCDCFS") obtained an emergency order temporarily removing S.C., born in January 2002, and her older sister, now emancipated, from their mother as a result of her use of illegal drugs.   The children, who were in predispositional custody of CCDCFS, remained with appellant[1] while their mother followed a case plan and underwent addiction treatment at an inpatient facility.

{¶3} On October 8, 2002, CCDCFS filed a motion to modify the temporary custody and to grant legal custody to appellant.   However, CCDCFS later withdrew the motion and conferred legal custody of S.C. and her older sister back to their mother, with protective supervision by CCDCFS.

{¶4} Mother then gave birth to B.K. in March 2003.   The court later determined that appellee, who had never been married to mother, was the father of both B.K. and S.C.  CCDCFS obtained an emergency order removing B.K. from his parents   within days of his birth.   However, in November 2003, the court found that mother had substantially

---

[1] Appellant is the mother's mother and the children's grandmother.

complied with her case plan, terminated the order of temporary custody to CCDCFS, and awarded her legal custody of the children.

{¶5} In January 2012, mother was diagnosed with terminal cancer and executed a last will and testament designating appellant as the guardian of her children. In March 2012, the children's mother passed away. On April 4, 2012, appellant filed separate motions to intervene in the matters of S.C. and B.K. pursuant to Civ.R. 24, R.C. 2151.23(A)(2) and 3109.04; motions for legal custody of the children; and motions for temporary custody. Shortly thereafter, appellee filed an application to determine custody and motions for temporary custody, alleging that the children lived primarily with him and their mother at his home as a cohesive family unit.

{¶6} Following two hearings, a magistrate denied appellant's motion to intervene and granted father's motion for custody. The trial court adopted the magistrate's decisions. This appeal followed.

{¶7} In her sole assignment of error, appellant argues the trial court abused its discretion in denying her motion to intervene. She contends she has standing to intervene because the children's father is an unsuitable parent and because she previously had temporary custody of the children when they were adjudicated dependent.

{¶8} A trial court has broad discretion in matters concerning the allocation of parental rights and responsibilities, and its decision shall not be disturbed on appeal absent an abuse of discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 85,

1994-Ohio-483, 630 N.E.2d 665; *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

**{¶9}** Appellant contends she was entitled to intervene to seek custody of her grandchildren under *In re Schmidt,* 25 Ohio St.3d 331, 496 N.E.2d 952 (1986). Quoting *Schmidt*, she argues that

> [i]ntervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legally protectable interest in custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of their grandchild. Where any of these circumstances are present, it is my view that a denial of the grandparents' motion to intervene would constitute an abuse of the juvenile court's discretion.

*Id.* at 338 (Celebrezze, C.J., concurring).

**{¶10}** However, this language comes from a concurring opinion, and therefore constitutes mere dicta rather than the true holding of the *Schmidt* court. In determining whether grandparents should be permitted to intervene as of right under Civ.R. 24(A), the majority of the *Schmidt* court determined the grandparents had no right to intervene because they "never obtained, through statute, court order, or other means, any *legal right* to custody or visitation with their grandson." (Emphasis sic.) *Schmidt* at 336. The *Schmidt* court further determined that the grandparents did not have any legal interest in the care and custody of their grandson and that their "concern for their grandson's welfare cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A)." *Id.*

{¶11} Although the children lived with appellant while their mother was working through her case plan, appellant was never granted legal custody. CCDCFS filed a motion to modify a temporary custody order to grant legal custody to appellant in October 2002, but later withdrew the motion when the children were returned to their mother's custody. Notwithstanding appellant's desire for custody of the children, she has no legally protectable interest that would confer the right to intervene under Civ.R. 24(A).

{¶12} Appellant further argues that because the juvenile court adjudicated both children dependent, the court had no duty to find that appellee was unsuitable before awarding her legal custody of the children. In other words, she alleges that the juvenile court's adjudication of dependency implicitly involved a determination that father was unsuitable. We disagree.

{¶13} In support of this argument, appellant relies on *In re C.R.,* 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188. In *In re C.R.*, the Ohio Supreme Court held that "when a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a non-custodial parent is unsuitable before awarding legal custody to a nonparent." *Id.* at ¶ 24. However, the court also held that the adjudication of abuse, neglect, or dependency does not permanently foreclose the right of either parent to regain custody because it is not a termination of all parental rights, and the court may consider a motion for change of custody under R.C. 2151.42(B). *Id.*

{¶14} R.C. 2151.42(B) provides, in pertinent part:

A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

{¶15} In the instant case, the children were adjudicated dependent and were temporarily removed from their mother's custody in 2002. However, because she completed her case plan, the court considered this change in circumstances and found she was suitable to regain legal custody of her children.

{¶16} Although appellee did not follow a prescribed case plan in 2002, there is evidence that he is now actively involved in the children's lives. The record shows that the children have resided primarily with him and that he is involved in their schooling, medical care, and extracurricular activities. He also made regular child support payments. Although the children were adjudicated dependent ten years ago, we do not believe this fact is evidence of unsuitability under the present circumstances.

{¶17} Furthermore, a parent has a fundamental right to raise his or her child. *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). This interest is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by Section 16, Article I, of the Ohio Constitution. *Id.* By contrast, grandparents have no constitutional right of association with their grandchildren. *In re Whitaker*, 36 Ohio St.3d 213, 214, 522 N.E.2d 563 (1988); *In re Schmidt*, 25 Ohio St.3d at 336, 390, 496 N.E.2d 952. Therefore, before a child may be placed in the custody of a

non-parent, the court must find the parent is unsuitable. *In re Perales,* 52 Ohio St.2d 89, 369 N.E.2d 1047 (1977), syllabus.

{¶18} Appellant argues that even if father's unsuitability cannot be implicitly found on the basis of the prior dependency adjudication, she has a right to intervene to prove his unsuitability now. In support of her argument, appellant cites *In re Miley,* 7th Dist. No. 99 JE 42, 2001-Ohio-3343, and *Christopher A.L. v. Heather D.R.,* 6th Dist. No. H-03-040, 2004-Ohio-4271.

{¶19} However, because *Miley* does not address the grandparents' right to intervene, we find this case inapplicable to the case before us. In *Christopher A.L.,* the maternal grandparents were permitted to intervene in a custody hearing and were awarded custody of their grandchild after the father was found unsuitable. The court placed the child in the temporary custody of her grandparents because there was evidence the father had domestic violence convictions, alcohol dependency, and child support arrears. There was also evidence that the child never lived with the father. Based on those facts, the appellate court found no abuse of discretion in the trial court's decision to allow the grandparents to intervene because they were necessary parties to protect the interests of the grandchild.

{¶20} Here, the court held two hearings to allow appellant to establish standing to intervene and to hear arguments regarding appellee's suitability as a father. Unlike the father in *Christopher A.L.*, there is no evidence that appellee has domestic violence convictions or current substance abuse problems. However, there is evidence that he has

maintained a relationship with the children, provided for the children, and has been actively involved their lives. Therefore, the trial court did not abuse its discretion in denying appellant's motion to intervene because there was no evidence that appellee was unsuitable or that the children's interests were not being protected.

**{¶21}** Accordingly, we overrule the sole assignment of error.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR