[Cite as *Dick v. Dick*, 2017-Ohio-1135.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HEATHER A. DICK | ) | |
| | ) | |
| PLAINTIFF-APPELLANT/ | ) | |
| CROSS-APPELLEE | ) | CASE NO. 15 MO 0017 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BRENT E. DICK | ) | |
| | ) | |
| DEFENDANT-APPELLEE/ | ) | |
| CROSS-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Appeal from the Court of Common Pleas, Domestic Division, Monroe County, Ohio
Case No. 2012-249

JUDGMENT: Reversed in Part and Remanded.

APPEARANCES:
For Plaintiff-Appellant/Cross-Appellee        Attorney Joseph Vavra
132 West Main Street
P.O. Box 430
St. Clairsville, Ohio 43950

For Defendant-Appellee/Cross-Appellant        Attorney Eric Costine
136 West Main Street
St. Clairsville, Ohio 43950

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 24, 2017

DeGENARO, J.

{¶1} Both Heather and Brent Dick appeal the trial court's judgment. Heather asserts two errors challenging the shared parenting plan and the valuation of Brent's businesses. Brent also challenges the business valuations as well as the division of marital debt. For the following reasons, the judgment of the trial court is reversed in part and remanded.

## Facts and Procedure

{¶2} The parties have two minor children; Heather is employed as an elementary school teacher and Brent is a self-employed business owner. Heather filed for divorce in August of 2012.

{¶3} Prior to trial, multiple hearings were held regarding temporary custody, evidentiary issues, and claims regarding pre-marital assets. On August 27, 2012, the trial court issued a temporary custody order creating a shared parenting arrangement in which Heather and Brent were named co-residential parents. The children exercised companionship time with Father on Sunday morning until Wednesday morning and Mother on Wednesday after school until Sunday morning.

{¶4} During the marriage, Brent's parents transferred to him ownership in two separate businesses: Dick's Furniture Store and Woodsfield Ace Hardware. Both parties conceded and the trial court found that these two businesses were Brent's separate property, except for the appreciation of those businesses during the course of the marriage. The proceedings continued for over two years while both sides obtained financial valuations of these businesses.

{¶5} The final divorce proceedings took place over two days of hearings on May 7th and July 27, 2015, with multiple witnesses. Both parties filed proposed Shared Parenting Plans as well as requesting to be named the residential parent. Both parties also presented expert witnesses regarding the value of the businesses; this testimony vastly conflicted.

{¶6} In its judgment entry and divorce decree, the trial court found Heather's expert testimony was inflated and not consistent with standard accounting practices. Further, the trial court named the parties co-residential parents of the minor children.

Both parties filed separate appeals which we consolidated; Heather's was designated the appeal and Brett's the cross-appeal. We will combine discussion of the parties' assigned errors as necessary for clarity of analysis.

**Shared Parenting**

{¶7}   Heather's first of two assignments of error asserts:

THE TRIAL COURT ABUSED ITS DISCRETION IN DESIGNATING BOTH PARTIES AS RESIDENTIAL PARENTS AND REFUSING TO GRANT APPELLANT'S SHARED PARENTING PLAN.

{¶8}   A trial court has broad discretion when deciding child custody matters in a divorce and its decision will not be reversed absent an abuse of that discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 85, 1994-Ohio-483, 630 N.E.2d 665. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50. When an award of custody is supported by some competent, credible evidence, that award will not be reversed by a reviewing court as being against the weight of the evidence. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23, 550 N.E.2d 178 (1990).

{¶9}   The trial court must allocate the parental rights and responsibilities for the minor children of the marriage during divorce proceedings. R.C. 3109.04(A). If one of the parties requests shared parenting, then the trial court must determine if a shared parenting plan is in the child's best interests. R.C. 3109.04(A)(2). If the trial court finds that a shared parenting plan is not in the child's best interests, then it must designate one party as the residential parent and divide the other rights and responsibilities for the care of the child between the parents. R.C. 3109.04(A)(1).

{¶10} Heather contends that shared parenting as ordered by the trial court is inappropriate because the parties are incapable of communicating. But then she asserts shared parenting would be appropriate if the trial court adopted the plan she

proposed, which designates her residential parent, without providing authority to support this argument.

{¶11} The parties' difficulty in communicating was known when Heather and Brent submitted their respective shared parenting plans, and noted throughout the proceedings. Although this argument is meritless, the trial court erred for another reason.

{¶12} Both parties filed proposed shared parenting plans. As such, R.C. 3109.04(D)(1)(a)(ii) controls, and provides in pertinent part, where both parents submit proposed shared parenting plans:

> If the court approves a plan under this division, either as originally filed or with submitted changes, or if the court rejects the portion of the parents' pleadings or denies their motions requesting shared parenting under this division and proceeds as if the requests in the pleadings or the motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. Division (D)(1)(b) of this section applies in relation to the approval or disapproval of a plan under this division.

{¶13} The trial court never acknowledged the parties filed competing shared parenting plans, nor mentioned that it reviewed them. Nor does the record demonstrate the trial court considered the children's best interest. Instead, the trial court's judgment entry merely stated that it adopted the schedule put into effect nearly three years earlier and retained both parents as co-residential parents; however, the entry does not detail the schedule.

{¶14} As both of the parties proposed shared parenting plans and neither was adopted, the trial court was required to enter findings of fact and conclusions of law as to why it rejected both plans. R.C. 3109.04(D)(1)(a)(ii). Accordingly, Heather's first assignment of error regarding shared parenting is meritorious.

**Business Valuation**

**{¶15}** Both parties assign error regarding the business valuations. Heather's second of two assignments of error asserts:

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ACCEPTING THE BUSINESS VALUES PRESENTED BY APPELLANT'S EXPERT.

**{¶16}** Brent's first of two cross-assignments of error asserts:

THE TRIAL COURT ERRED IN FAILING TO ACCEPT BUSINESS LOSS AND FAILED TO NET THE BUSINESS LOSS AND BUSINESS GAIN FOR APPELLEE'S TWO BUSINESSES.

**{¶17}** A trial court's division of marital assets is reviewed for abuse of discretion. *James v. James*, 101 Ohio App.3d 668, 680, 656 N.E.2d 399 (2d.1995). "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50. As the trier of fact, the trial court is responsible for resolving factual disputes and weighing the credibility of testimony and evidence. *Covert v. Covert*, 4th Dist. No. 03CA778, 2004-Ohio-3534, at ¶ 18. The trial court is in the best position to view witnesses, "observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* There were three businesses involved in this appeal.

**{¶18}** The valuation of the dance workshop was not challenged on appeal; the parties' appealed the valuation of the hardware and furniture stores. Both parties conceded and the trial court found that these businesses were Brent's separate property. Heather made a claim to one half of the appreciation in the value of the businesses during the marriage, which the trial court held was from July 1998 through December 2012.

**{¶19}** Turning first to the Woodsfield Ace Hardware store, Heather's expert

Louis Costanza valued the appreciation at $274,000, whereas Brent's expert Gary Mole valued the appreciation to be $63,000. The trial court agreed with Brent's expert, adopted $63,000, and awarded Heather one-half of this amount. Brent does not challenge this valuation, but Heather argues the trial court abused its discretion in not adopting the valuation proffered by her expert.

{¶20} It cannot be said that the trial court abused its discretion in adopting Mole's valuation of the hardware store. The trial court found, based upon the testimony and evidence presented, that Heather's expert valuation was unreasonable, unsupported and inflated without any reasonable basis in accounting practice; specifically, the 12% rate of return used in Costanza's computation. Although Heather disagrees, this alone does not serve as a basis to find an abuse of discretion by the trial court. Thus, this argument is meritless.

{¶21} Regarding the second business at issue on appeal, Dick's Furniture Gallery, Costanza valued the appreciation at $35,000, whereas Mole testified the furniture store actually depreciated by $45,000. The trial court agreed with neither figure and assessed a zero value for the furniture store, but provided no reasoning for this conclusion. Both Heather and Brent contend the trial court abused its discretion in not adopting the valuation of their experts respectively.

{¶22} "A trial court must generally assign and consider the values of marital assets in order to equitably divide those assets." *Raymond v. Raymond*, 10th Dist. No. 11AP-363, 2011-Ohio-6173, *7 (internal citations omitted). "A court cannot satisfy its duty without probative evidence of the value of marital assets." *Id*.

{¶23} Here, we can glean from the record that the trial court did consider the opinions of both experts. After discounting both, it assigned a zero value. Accordingly, Heather's assignment of error regarding the hardware store is meritless, and both parties' assignments of error regarding the furniture store are meritless.

### Debt Allocation

{¶24} Brent's final cross-assignment of error asserts:

THE TRIAL COURT ERRED IN FAILING TO ALLOCATE THE

WESBANCO HOME EQUITY LOAN OF $11,000 AS A DEBT OF THE APPELLANT SINCE THE SAME WAS INCURRED IN THE PURCHASE OF THE APPELLANT'S DANCE STUDIO BUSINESS WHICH WAS ALLOCATED TO THE APPELLANT.

**{¶25}** "As with the division of marital property, the equitable division of marital debt is a matter subject to the exercise of the trial court's discretion." *Polacheck* v. *Polacheck*, 9th Dist. No. 26551, 26552, 2013-Ohio-5788, ¶ 7. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50.

**{¶26}** The dance studio business was purchased for $30,000 and was already in operation at the time of sale. The parties used $10,000 cash and $20,000 from a home equity loan to fund the purchase and renovate the studio. At the time of trial approximately $11,000 was owed on the loan and the business was valued at approximately $21,000, which was undisputed. Brent argues that the trial court erred in not requiring Heather to be responsible for the debt or in the alternative erred in not giving him a credit. Heather argues that the $20,000 was not solely used for the dance studio purchase.

**{¶27}** Both parties testified that the $20,000 was only partly used for the dance studio business. Heather testified that the home equity loan was also used to make improvements to an outbuilding at the marital property, the purchase of the tractor used at Brent's hardware business, and a new heating and cooling system at the marital home. Brent did not contest this testimony or submit any documentation tracing the disbursements of the home equity loan.

**{¶28}** Brent was awarded the marital home and several furnishings contained within it, which is marital property. He was also awarded his separate property, the hardware and furniture stores. According to Heather's undisputed testimony, some of the home equity funds were used to benefit these assets. Accordingly, the trial court did not abuse its discretion in allocating the home equity debt to Brent.

**{¶29}** Brent further argues the trial court did not specifically order him to pay the home equity loan. A review of the judgment entry reveals that the trial court did not specifically state that Brent was responsible for the mortgage or home equity loan; instead stating the amount owed for each debt. The court implied he was responsible by awarding him the marital home, but did not directly order that Brent was responsible for this specific debt. Accordingly, Brent's second cross-assignment of error is meritorious in part.

**{¶30}** In sum, the judgment of the trial court is affirmed in part, reversed in part, and remanded for the trial court to consider the parties' competing shared parenting plans pursuant to R.C. 3109.04(D)(1)(a)(ii) and to specifically allocate the mortgage and home equity loan debt.

Donofrio, J., concurs.

Waite, J., concurs.