HURDELBRINK, APPELLANT, *v.*
HURDELBRINK, APPELLEE.

(No. L-88-114 — Decided
March 3, 1989.)

APPEAL: Court of Appeals for
Lucas County.

*Sprenger, Koehn & McCrory* and
*Richard W. Koehn,* for appellant.
*Paul D. Giha,* for appellee.

*Per Curiam.* On October 12, 1983, the parties herein were granted a divorce by the Lucas County Court of Common Pleas, Domestic Relations Division, and appellee, Michael L. Hurdelbrink, was ordered to pay child support in the amount of $250 per month, per child, plus poundage, for the benefit of the two minor children borne of this marriage. Upon motion filed by appellant, Lynne M. Hurdelbrink, on November 5, 1987, the court reconsidered appellee's child support obligation. The referee recommended an increase in appellee's obligation to $480 per month, per child, pursuant to the Ohio Supreme Court's Child Support Guidelines. By its order dated April 8, 1988, the court modified the referee's recommendation and increased appellee's obligation to $350, rather than $480, because of the increased expenses appellee had incurred.

Appellant sought a timely appeal to this court asserting the following single assignment of error:

"The Lucas County Domestic Relations Court grossly abused its judicial discretion by establishing a child support amount nearly 40% below that set forth by the Ohio Child Support Guidelines[; such order is] against the manifest weight of the evidence and contrary to law."

The trial court is accused of abusing its discretion by deviating from the Ohio Child Support Guidelines by approximately forty percent when the referee only deviated by approximately thirteen percent. Appellant argues that this variance reflects an abuse of discretion because the facts and circumstances do not warrant such an extreme deviation, since the increased expenses appellee claims were all unnecessarily self-imposed.

The Ohio Child Support Guidelines were intended to be utilized by the courts to indicate the appropriate level of child support which should be ordered. However, the court still has broad discretion to deviate from the guidelines if it substantiates its decision by stating its findings of fact. *McDiarmid* v. *Albright* (June 30, 1988), Williams App. No. WMS-87-13, unreported. In order to support a charge of abuse of discretion, a party must show that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217,

219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

In the case *sub judice,* the court found that although the appellee's income had increased, his documented expenses had also increased because he moved to California to obtain employment; he later remarried and purchased a home. While we are cognizant of the fact that a parent's first responsibility is to adequately support his or her child, that parent may also bind himself or herself to other obligations that are necessary and reasonable living expenses. We consider the additional expenses appellee has incurred in this case to be necessary and reasonable under the circumstances.

Therefore, we cannot find that the trial court abused its discretion by deviating from the Child Support Guidelines in this case.

Wherefore, appellant's sole assignment of error is found not well-taken. Having found that substantial justice has been done the party complaining, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App. R. 24, appellant is ordered to pay the costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.