OPINION
Appellant Jamie Owens-Martin sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN PERMITTING A DOWNWARD MODIFICATION OF CHILD SUPPORT PAYABLE BY PLAINTIFF-APPELLEE AT THE HEARING HEREOF AS REQUIRED BY OHIO REVISED CODE § 3113.215.
"SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN PERMITTING A DOWNWARD MODIFICATION OF CHILD SUPPORT PAYABLE BY PLAINTIFF-APPELLEE AS THE INCOME FINDING OF THE PLAINTIFF-APPELLEE BY THE COURT WAS CONTRARY TO THE EVIDENCE.
"THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ITS CALCULATION OF CHILD SUPPORT IN THAT IT FAILED TO DO SO IN CONFORMITY WITH THE STATE OF OHIO CHILD SUPPORT GUIDELINES AS THE COURT FAILED TO AVERAGE THE INCOME OF THE PLAINTIFF-APPELLEE.
"FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO INCLUDE IN THE CHILD SUPPORT GUIDELINE CALCULATIONS HEREIN THE CORRECT CHILD CARE EXPENSE COST OF THE DEFENDANT-APPELLANT AND SUCH DETERMINATION BY THE COURT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE."
The facts that are relevant to the issues raised on appeal are as follows. At the time the parties were divorced in 1995, they had three minor children. The final judgment entry filed on December 26, 1995 provided in pertinent part that appellee would pay appellant $171.73 per week child support "* * * predicated upon [appellee's] annual gross earnings of $21,000.00 and [appellant's] annual gross earnings of $35,000.00." The order further stated that it was "* * * predicated upon current child care expenses for the children being determined by the Court at $200.00 per week. * * *"
On June 24, 1996, appellee filed a "Motion to Show Cause and Modification of Prior Orders" in which he requested, in relevant part, that his child support obligation be reduced. Appellee asserted that a substantial change in circumstances had occurred because his 1995 gross earnings had declined to less than $10,000. Appellee argued that he was involuntarily under-employed because his employer had phased out his job, which forced him to become self-employed. Appellee further argued that appellant's child-care expenses of over $200 per week were too high. Appellant responded that appellee voluntarily quit his job and that he therefore was currently voluntarily under-employed. She asserted that appellee "agreed" to the income levels used to compute the child support obligation and that appellee filed his motion to reduce that obligation only six months after the final judgment entry of divorce, when there was no evidence of any change in circumstances sufficient to warrant a modification of support. Appellant also argued that there was no acceptable alternative child care available to her and that her expenses of $200 per week were reasonable.
Hearings on appellee's motion were held on July 16 and December 3, 1996. At the July 16 hearing, appellee testified that his gross earnings for 1995 were $8,628.00 and that he was currently self-employed. Appellant testified that she was unprepared for the hearing because she had been unable to contact her attorney. Appellant did not have with her a copy of her 1995 tax return. The matter was continued for further hearing on December 3, 1996.
At the second hearing, appellee testified that he had gross receipts in 1995 of $27,773 and expenses of $18,880, which left him with a net income of approximately $8,600. Appellee stated that until early 1994, he was employed by a roofing contractor and that he started working for himself in May 1994.
Appellee did not bring his 1994 tax return with him to court but said that he had a copy at home. He stated that he anticipated earning approximately $13,500 in 1996. Appellee further testified that it was his understanding that appellant was currently paying $140 per week for child care. Appellee stated that in April 1996 he used some of the proceeds from the sale of the marital home to pay off arrearages on his child support obligation and that since then he has been current on the support payments.
Appellant testified that the current child support order was based on her 1994 earnings of $34,000. Appellant stated that her earnings for 1995 were slightly over $37,000 and that she anticipated that her 1996 earnings would be the same. Appellant testified that although the in-home babysitter also cares for her fiance's four children, she pays $245 and, in exchange, her fiance helps her with work in and around the home. She stated that out of the $245 paid each week, $200 is for the care of her children and the remainder is for the care of her fiance's children. Appellant testified that she claims the maximum child care credit allowed on her tax return.
On May 2, 1997, the trial court issued findings of fact and conclusions of law in which it found that: 1) appellee had a "severe reduction" in income; 2) appellee's decision to become self-employed was "economically defensible" in light of his former employer's decision to phase out his job and 3) child care expenses of $245 per week are excessive and should be reduced to $125 per week for purposes of child support computation. The trial court further found that there had been a substantial change in circumstances and that appellee was entitled to a modification of his child support obligation retroactive to June 24, 1996, based on appellee's income established at $13,500 and appellant's income of $37,000. The trial court ordered appellee's attorney to calculate the modified child support obligation using the income levels and findings made therein.
On June 13, 1997, the trial court filed its judgment entry in which it ordered that appellee pay child support for the parties' three children in the amount of $454.26 per month, retroactive to June 24, 1996, predicated upon appellee's gross annual earnings of $13,500 and appellant's gross annual earnings of $37,000 and child care expenses of $125 per week. It is from that order that appellant appeals.
Appellant's first two assignments of error will be addressed together. In her first assignment of error, appellant asserts that appellee did not establish a change of circumstances as required by R.C. 3113.215. In her second assignment of error, appellant asserts that the trial court's finding as to appellee's income reduction was contrary to the evidence.
A trial court's order of support cannot be reversed by this court absent a showing of an abuse of discretion. Hurdlebrinkv. Hurdlebrink (1989), 45 Ohio App.3d 5. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984), 5 Ohio St.3d 217,219.
R.C. 3113.215(B)(4) provides in relevant part that:
 "* * * If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid * * *."
This court has thoroughly reviewed the entire record of proceedings in the trial court. Upon consideration thereof, we find that appellee presented evidence that he had experienced a significant drop in income since the original child support order was made. Appellant did not present any evidence to refute appellee's claim that his income for 1995 was less than half of that for 1994. As to appellant's claim that appellee was voluntarily underemployed, the trial court found that appellee left his former job when there was no longer any work for him there. Appellant failed to produce any evidence from appellee's former employer or otherwise to support her claim that he was voluntarily underemployed. The trial court found, based on the evidence before it, that appellee had a severe reduction in income and that his action in leaving his job and starting his own business was economically defensible. Upon consideration of the foregoing, this court finds that the trial court's determinations that a) a change of circumstances existed and b) appellee was not voluntarily underemployed were not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first and second assignments of error are not well-taken.
In her third assignment of error, appellant asserts that the trial court erred by not averaging appellee's annual income for several years when calculating child support. Appellant claims that the child support guidelines found in R.C. 3113.215 require the trial court to calculate child support based on an average income over a period of several years. The applicable worksheet contained in R.C. 3113.215, however, provides at line (1a.) for income averaging "* * * when determined appropriate by the court * * *." Upon consideration thereof, this court finds that the trial court did not abuse its discretion by not considering an average of appellee's past several years' income and, accordingly, appellant's third assignment of error is not well-taken.
In her fourth assignment of error, appellant asserts that the trial court erred by determining that her child care expenses were excessive and should be reduced to $125 per week. Appellant argues that she presented competent evidence as to child care expenses of $200 per week and that the court's determination was incorrect because it was based on an inaccurate figure for child care.
Based upon appellant's own testimony that her child care provider also cares for her fiance's four children and that appellant pays $200 of the $245 weekly total for child care, this court finds that the trial court did not abuse its discretion by setting child care expenses at $125 per week for purposes of calculating child support. Accordingly, appellant's fourth assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.