OPINION
{¶ 1} Appellant, John T. Williams, appeals from the June 4, 2002 judgment entry, in which the Lake County Court of Common Pleas ordered him to pay additional child support.
 {¶ 2} Appellant and appellee, Dawn M. Williams, were married on November 21, 1987, and two children were born as issue of the marriage. John Jr. was born November 18, 1988, and Heather was born on September 19, 1990. Appellee filed for divorce on May 15, 1996. A divorce decree was entered on August 1, 1996, and appellee was awarded custody of the two minor children. Appellant was granted visitation and ordered to pay child support in the amount of $160.46 per child per month effective May 15, 1996.
 {¶ 3} Pursuant to appellee's request, the Child Support Enforcement Agency ("CSEA") completed a review of the child support order and issued its recommendation on January 11, 2002. CSEA recommended that child support be modified to $342.89 per month per child effective February 2, 2002. On January 23, 2002, appellant filed a motion for a court hearing on the revised amount calculated by CSEA. The trial court granted the motion and a hearing was held before a magistrate on March 25, 2002.
 {¶ 4} Appellant testified that even though he thought the amount of child support calculated was correct, he could not afford the amount because he is employed in the airline industry and since September 11, 2001, the industry has suffered. Appellant further stated that he should receive extra credit for his stepdaughter, whom he has been solely responsible for the past six years as her biological father has never made a support payment. He indicated that he was in the process of adopting her.[1] Appellant also argued that his overtime should not be included because the overtime was in lieu of a second job. He mentioned that his mortgage payment is $1,125, and he has two $300 car payments.
 {¶ 5} Appellee took the stand and related that the children had been under her care since 1996. She revealed that the children were on welfare until she obtained health insurance from Progressive as part of her employment in 1998. She explained that she survived on the $320 per month child support payments for five to six years. Appellant "[n]ever once *** offered to pay for their school supplies, school clothes, dental, or any other medical bills up until recently. He has never offered to help them pay for their daycare during the summer when they go to day camp. He's never offered to be there for [the chidlren]." She further stated that appellant was basically out of their lives until she put a request in for the modification of child support.
 {¶ 6} Furthermore, appellee explained that even though she was remarried, her husband pays child support for his two children from a previous relationship, "so a good chunk of his check comes out and he also pays for anything that they need, school supplies or if they want to go to a dance class or a softball class or whatever." Appellee indicated that she would not agree to a lower amount and she felt that the amount determined by CSEA was appropriate. Appellee mentioned that her daughter needed psychiatric help at two intervals and when she requested assistance, appellant walked away. She also stated that both children required orthodontics and that her son was asthmatic.
 {¶ 7} In a decision dated May 15, 2002, the magistrate granted the CSEA's recommendation for a modification. On June 3, 2002, the trial court adopted the magistrate's decision. On June 4, 2002, a revised child support order and health insurance and expense order was issued. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 8} "I. The court of common pleas erred in not giving appellant credit for [the] adopted child. Appellant has 3 children that reside with him, not 2.
 {¶ 9} "II. The court of common pleas erred in holding overtime as part of appellant's income for child support modification when overtime was proven to be inconsistent and in lieu of obtaining a second job to support [a] second family of 5. O.R.C. Section 3119.23(E)(L)(O).
 {¶ 10} "III. The court of common pleas found [appellee's] testimony of the childrens [sic] psychiatric, asthmatic and dental problems `compelling' when [appellee] provided no such proof or evidence.
 {¶ 11} "IV. [Appellee] is remarried and sharing living expenses with her husband and should be considered in deviating from the child support guidelines as per O.R.C. Section 3119.23(H).
 {¶ 12} "V. The court of common pleas erred in crediting appellee for the cost of medical insurance on the child support worksheet."
 {¶ 13} As a preliminary matter, we note that appellant's brief is not properly formatted under App.R. 12 and 16. Specifically, appellant fails to make references to the record, fails to set forth complete arguments, and fails to support his propositions with legal authority. This manner of advancing an appellate argument is prohibited under App.R. 16(A)(7), which states that "[t]he appellant shall include in its brief *** [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. ***"
 {¶ 14} Under App.R. 12(A)(2), an appellate court may refuse to consider these assigned errors. The rules are applicable to all parties whether or not they proceed on a pro se basis. Appellant has failed to cite to any authority to support his first and third assignments of error. Such omissions authorize this court to either strike appellant's brief or sua sponte dismiss their appeal for failure to comply with the Ohio Rules of Appellate Procedure. Gregg v. Gregg (Nov. 21, 1997), 11th Dist. No. 96-P-0263, 1997 WL 750853, at 3. However, in the interests of justice, we will review the merits of appellant's claims.
 {¶ 15} We note that all five of appellant's assignments of error are interrelated since they all discuss error on the trial court's part in failing to consider the deviating factors pursuant to R.C. 3119.23. Under the first assignment of error, appellant argues that the trial court erred in not giving him credit for the adopted child. For the second assignment of error, appellant alleges that the trial court erred in holding overtime as part of appellant's income for child support modification when overtime was proven to be inconsistent and in lieu of obtaining a second job to support a second family pursuant to R.C.3119.23(E),(L), and (O). In the third assignment of error, appellant contends that the trial court erred when it found appellee's testimony compelling as to the children's psychiatric, asthmatic and dental problems even though appellee provided no proof or evidence of the conditions. Under the fourth assignment of error, appellant posits that since appellee is remarried and sharing living expenses with her husband, that should be considered in deviating from the child support guidelines. Lastly, appellant maintains that the trial court erred in crediting appellee for the cost of medical insurance on the child support worksheet.
 {¶ 16} Generally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support. Coleman v.Campbell, 11th Dist. No. 2001-G-2401, 2002-Ohio-3841, at ¶ 12, citing Hurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5, 5. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3119.23, and upon a determination that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3109.22 and Coleman, supra, citing Carpenter v. Reis (1996), 109 Ohio App.3d 499,504. The term "abuse of discretion" infers more than an error of law or judgment; it suggests that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly, 80 Ohio St.3d 386, 390,1997-Ohio-105. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137-138.
 {¶ 17} R.C. 3119.022 governs procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern is the best interest of the child for whom the support is being awarded. Coleman, supra, at ¶ 13, citing Markerv. Grimm (1992), 65 Ohio St.3d 139, 141-142. If the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. Furthermore, a party that attempts to rebut the basic child support guideline amount has the burden of providing evidence which proves that the calculated award is unjust, inappropriate or not in the best interest of the child. Coleman, at ¶ 13.
 {¶ 18} R.C. 3119.23 enumerates the factors to be considered by a court prior to deviating from the amount of support that would otherwise result from the use of the schedule where such amount would be unjust or inappropriate and would not be in the best interest of the child. These factors include any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor. See R.C.3119.23(A)-(P).
 {¶ 19} Moreover, we note that there is "no authority for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable." (Emphasis sic.)Fitzgerald v. Fitzgerald (Jan. 24, 1997), 2d Dist. No. 15982, 1997 WL 24807, at 7.
 {¶ 20} In the case at bar, the trial court did not abuse its discretion when it refused to deviate from the amount calculated in accordance with the child support guidelines. As mandated by the statute, the child support was calculated according to the worksheet, and unless the trial court deviates from this amount, the court need not justify its decision. Further, appellant did not demonstrate that the guideline amount of child support was unjust, inappropriate, or not in the best interest of his children. Nor has appellant shown that a deviation from the amount was warranted.
 {¶ 21} The trial court heard testimony from both appellant and appellee and determined that the child support computation worksheet prepared by CSEA was fair and just under the circumstances of this case. Appellant also did not show any of the factors contained in R.C. 3119.23. Thus, he did not meet his burden of presenting the trial court with any evidence to support his assignments of error, which all discuss the R.C.3119.23 factors. Consequently, the trial court did not abuse its discretion by not granting a deviation to appellant.
 {¶ 22} For the foregoing reasons, appellant's assignments of error are not well-founded. Therefore, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and ROBERT A. NADER, JJ., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment.
[1] We note that at the time of the hearing, the adoption of appellant's stepdaughter had not been finalized.