OPINION
{¶ 1} Plaintiff-appellant, Christopher Haserodt, appeals the September 16, 2003 judgment of the Common Pleas Court, Juvenile Division, of Union County, Ohio, determining the amount of child support to be paid by Haserodt for his son, Zane Haserodt.
 {¶ 2} Zane Haserodt was born to the defendant-appellee, Angela Stevens, n.k.a. Angela Hunter, on February 17, 1997. By administrative order of the Union County Department of Human Services, Christopher was found to be Zane's father on December 15, 1997. Thereafter, he filed a complaint for the allocation of parental rights and responsibilities in the Union County Common Pleas Court. On August 10, 1998, the parties entered into a shared parenting plan, which was approved by the trial court.[1] This plan provided equal parenting time, consisting of alternating visitation periods for each parent with the parent who was not currently exercising visitation receiving weekend visitation on a bi-weekly basis. In addition, the trial court ordered Christopher to pay $32.92 per month in child support through a wage withholding until February, 1999, when that amount was increased to $96.50 per month due to a medical adjustment.[2]
 {¶ 3} On September 9, 1999, Angela filed a "Motion for a Change in Parental Rights." Included in this motion was a request that Christopher also be held in contempt for failing to remain current in his support obligation, with arrearages totaling $643.31. Christopher filed a response to this motion and further requested that the court re-examine his support obligation and alleged arrearages. This matter came for hearing before the magistrate, and on June 2, 2000, the magistrate terminated the shared parenting plan, designated Angela as the residential parent, and re-calculated child support. However, after Christopher filed objections to this decision, the trial court rejected the decision in its entirety on July 2, 2001, and directed the magistrate to re-hear the motions of the parties after permitting the parties to amend their motions to correct various errors contained therein. In addition, the court ordered the Union County Child Support Enforcement Agency ("CSEA") to perform a hand re-calculation and computation of support and to attend the entire re-hearing before the magistrate in order to calculate support based upon the magistrate's findings.
 {¶ 4} On November 27, 2001, in recognition of the trial court's orders, the magistrate directed CSEA to disregard and consider void the magistrate's June 2, 2000 decision and to collect support in this matter pursuant to the August 10, 1998 order of the trial court.[3] On July 11, 2002, Christopher filed a motion to terminate the shared parenting plan and requested that he be designated the residential parent of Zane. Two weeks later, Angela filed a motion to terminate the shared parenting plan and requested that she be designated Zane's residential parent. After various continuances, these motions were heard on October 21, 2002. On March 10, 2003, the magistrate issued a decision.
 {¶ 5} The magistrate decided to terminate the shared parenting plan, designated Angela as the residential parent, and granted visitation to Christopher pursuant to the court's standard visitation orders. In addition, the magistrate noted that the parties stipulated in regards to the calculation of child support that Angela's income was to be based upon minimum wage and Christopher's income information could be provided to the court by his attorney after the hearing. However, the magistrate further noted that although the parties made this stipulation during the hearing, Christopher's counsel had not submitted this information to the court in the intervening five months. Thus, the magistrate relied upon the evidence presented at the hearing regarding his income and determined that as of October 14, 1999 (the date on which Christopher first requested that child support be revisited), he earned approximately $9.50 per hour, working forty hours per week, for fifty-two weeks per year. The magistrate further found that as of October 21, 2002, Christopher's income was $41,000 per year. Thus, the magistrate directed CSEA to calculate child support for the respective time periods using these figures.
 {¶ 6} Christopher filed objections to the magistrate's decision. A court reporter was appointed by the trial court to prepare a transcript on April 17, 2003, in response to Christopher's request for such appointment, and the court informed him that he would be responsible for making arrangements for the preparation of the transcript. On May 21, 2003, the parties were before the court once again for other motions, none of which are relevant to the present dispute, and the trial court granted Christopher thirty days to pay $1,250 to the court reporter for preparation of the transcript of the hearing before the magistrate. However, at the pre-trial regarding the objections on August 4, 2003, counsel for Christopher informed the court that he had not made arrangements with the court reporter for a written transcript. Although he requested an extension, the court denied this request because of the length of time needed to prepare the transcript, counsel's failure over the previous four months to make the necessary arrangements, and the need to resolve the custodial status of six-year-old Zane.
 {¶ 7} On August 21, 2003, the trial court overruled Christopher's objections and adopted the March 10, 2003 magistrate's decision as its final judgment. This appeal followed, and Christopher now asserts one assignment of error.
The trial court erred in adopting, in its entirety, thecalculations of the Union County Child Support EnforcementAgency, retroactively modifying Appellant's child supportobligation without any deviation for the periods Appellantexercised parenting time with the minor child, and by assigningAppellant an income greater than he earned as evidenced by hisfinancial documents submitted to the Court.
 {¶ 8} Our review of this issue begins by noting that Christopher, the appellant, has failed to file a complete or partial transcript of the proceedings before the magistrate as required by App. R. 9(B). When seeking an appeal of a judgment, "the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Burrell v. Kassicieh (1998), 128 Ohio App.3d 226,232, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, we are limited in our review of these issues and must presume the regularity of the proceedings in the absence of evidence to the contrary. Burrell, 128 Ohio App.3d at 232.
 {¶ 9} When calculating an amount of child support to be paid by an obligor, the Revised Code requires that the court or agency making the determination do so "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." R.C. 3119.02; see, also, Hurdelbrink v. Hurdelbrink (1989),45 Ohio App.3d 5. The Revised Code also provides the basic child support schedule, R.C. 3119.021, and the worksheet for parties subject to a shared parenting order, R.C. 3119.022. The Revised Code further creates a rebuttable presumption that the amount of child support calculated through the use of the basic child support schedule and the applicable worksheet is the correct amount of child support due. R.C. 3119.03.
 {¶ 10} A court may deviate from the child support guidelines at its discretion, if, upon consideration of the statutory factors listed in R.C. 3119.23, it "determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. In addition, if the court determines that a deviation is warranted, the court must journalize "the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet * * *, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.22; see, also, Paton v. Paton (2001),91 Ohio St.3d 94.
 {¶ 11} The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, 566.
As noted, if the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119 .03. Thus, a party seeking to rebut the amount determined by the basic child support guidelines bears the burden of providing evidence demonstrating that the calculated award is unjust or inappropriate and not in the child's best interest. See R.C.3119.22; Schultz v. Schultz (1996), 110 Ohio App.3d 715. Among the several factors that a court is permitted to consider in determining whether to deviate from the calculated amount are any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; physical and emotional needs of the child; and the responsibility of each parent for support of another person. See R.C. 3119.23.
 {¶ 12} In the case sub judice, CSEA calculated the amount of support due in accordance with the applicable shared parenting worksheet and the basic child support schedule. Based on these calculations, the amount owed per month by Christopher for Zane from October 14, 1999, through October 20, 2002, totaled $295.38. In addition, the amount due for Zane's support from October 21, 2002, to the present, totaled $487.83 per month. Although Christopher does not dispute the calculation of the CSEA based on the figures provided to it, he maintains that the trial court erred in not deviating from these amounts because he had extended parenting time with Zane, resulting in his providing at least 50% of the costs associated with Zane's support.
 {¶ 13} As recently noted by this Court, "[t]here is no authority whatsoever `for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible or even desirable.'" Warner v. Warner, 3rd Dist. No. 14-03-10, 2003-Ohio-5132, at ¶ 20, 2003 WL 22229412, quoting Jones v. Jones (Dec. 17, 1999), 4th Dist. No. 99CA9, unreported, 1999 WL 1254809. Furthermore, the Ohio Supreme Court has held that a party to a shared parenting plan is not automatically entitled to a set-off or credit for time spent with the child under that plan. Pauly, 80 Ohio St.3d at 388-390. In fact, the Revised Code provides two different worksheets for shared parenting versus split parental rights. See R.C.3119.022-3119.023. In a situation involving split parental rights, wherein more than one child is involved and each parent is the residential parent of at least one of those children, the worksheet contains a set-off provision to account for the primary parenting of a child. R.C. 3119.023. To the contrary, the shared parenting worksheet, established by the General Assembly, does not provide a reduction for the amount of time each parent in a shared parenting plan spends with the child.
 {¶ 14} The provisions of R.C. 3119.02 "are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern is the best interest of the child for whom the support is being awarded."Warner, 2003-Ohio-5132, at ¶ 15, citing Marker v. Grimm
(1992), 65 Ohio St.3d 139. In the present case, we cannot find that the trial court abused its discretion when it refused to deviate from the amount calculated in accordance with the child support guidelines. As mandated by the statute, the trial court calculated the child support according to the worksheet. Unless the trial court deviates from this amount, the statute does not require the court to justify its decision. Further, without a transcript to review in order to determine whether Christopher presented sufficient evidence to rebut the presumption that CSEA's calculation was the correct amount of child support due, we must presume the regularity of the proceedings.
 {¶ 15} Thus, Christopher has not satisfied his burden of demonstrating that the guideline amount of child support was unjust or inappropriate and not in the best interest of Zane. Likewise, he has not shown that a deviation from the amount was warranted. Consequently, the trial court did not abuse its discretion by not granting Christopher a deviation.
 {¶ 16} Christopher also contends that the trial court erred in its determination that his income totaled $41,000, effective October 21, 2002. The basis for this contention is the stipulation by the parties that he could submit evidence of his income for the relevant time period after the hearing. He further asserts that he submitted this information to the court, via facsimile, on December 3, 2002, and that it shows that he did not earn $41,000 as determined by the trial court.
 {¶ 17} The magistrate's decision acknowledges the stipulation between the parties that Christopher could submit his financial information after the October 21, 2002 hearing. However, by the time that the magistrate issued her decision, nearly five months later, Christopher had yet to submit the information. Therefore, according to the decision, the magistrate made her determination of his income based on his testimony that he earned approximately $41,000 in the year 2002. As for his assertion that he submitted this information on December 3, 2002, the record is devoid of any such filing. Rather, this information is not found in the record until Christopher filed his objections to the magistrate's decision on April 2, 2003, and attached his W-2's for 2000 and 2001. Moreover, the attached documents show Christopher's income for 2000 ($29,306.98) and 2001 ($36,180.98), not for the year 2002. If anything, these documents would support an increase in the amount of child support due for the years 2000 and 2001, as the amounts due for these years were actually calculated based on a lower income for Christopher of $19,760. Given that these documents were not timely submitted, the fact that they reflected income for years other than 2002, and that we must presume regularity in the proceedings due to the lack of a transcript, we do not find that the trial court erred in determining Christopher's income as of October 21, 2002, to be $41,000.
 {¶ 18} For these reasons, the assignment of error is overruled, and the judgment of the Common Pleas Court, Juvenile Division, of Union County, Ohio, is affirmed.
Judgment affirmed.
Bryant and Cupp, J.J., concur.
[1] This judgment states: "IT IS THEREFORE ORDERED that the Shared Parenting Plan attached and incorporated as Exhibit A is hereby approved by this Court as being in the best interest of the minor child." However, the record received by this Court includes no such attachment. Nevertheless, throughout the remainder of the proceedings, both of the parties, the magistrate, and the trial court proceeded as if they were all fully aware of the contents of this plan as if it were attached. Thus, our discussion of this plan is based upon the various documents contained in the record and the briefs of the parties in this appeal.
[2] Although this increase was ordered by the trial court, the only wage withholding issued during the relevant time period was for the $32.92. Thus, the record is unclear as to whether Christopher's wages were withheld at the increased amount.
[3] Notably, the magistrate directed CSEA to collect support in the amount of $96.50 per month, with an effective date of February 1, 1999, as ordered in the August 10, 1998 judgment.