OPINION
{¶ 1} Plaintiff-appellant, Joan Ross, now known as Joan Angst, appeals the decision of the Preble County Court of Common Pleas, Domestic Relations Division, denying her motion to terminate a shared parenting plan and to be named the sole residential parent. Appellant also appeals the court's decision regarding child support. We affirm in part and reverse in part the domestic relations court's decision.
 {¶ 2} Appellant and defendant-appellee, Timothy Ross, married in October 1999. Two boys were born to the couple during the marriage. In November 2001, appellant filed a complaint for divorce in the domestic relations court, which the court granted in May 2002. At that time, the parties jointly filed a shared parenting agreement, which was approved by the court. Appellant was named the residential parent for school purposes, though the agreement gave the parties equal parenting time. Neither party was employed at the time the shared parenting agreement was filed.
 {¶ 3} In August 2002, appellee began full-time employment on second shift, necessitating a change in the parties' parenting schedule. The parties subsequently negotiated a new parenting schedule, which resulted in appellant parenting the children approximately 75 percent of the time, and appellee parenting the children approximately 25 percent of the time.
 {¶ 4} In December 2002, appellant filed a motion to establish child support. In February 2003, appellee filed a motion to modify the shared parenting agreement to reflect the parties' negotiated schedule. In March 2003, appellant filed a motion to terminate the shared parenting agreement and to be named sole residential parent.
 {¶ 5} In September 2003, a domestic relations court magistrate held a hearing on the above motions. The magistrate subsequently issued a decision setting appellee's child support obligation. The magistrate also denied appellant's motion to terminate the shared parenting agreement and to be named sole residential parent. Further, the magistrate found that appellee's motion to modify the shared parenting agreement was moot due to appellee's recent acceptance of a first-shift position. Appellee had asserted at the hearing that, due to the hours of his new position, the parenting schedule in the original shared parenting agreement was satisfactory.
 {¶ 6} Appellant filed objections to the magistrate's decision, which the domestic relations court judge overruled. The court subsequently adopted the magistrate's decision. Appellant now appeals the domestic relations court's decision denying her motion to terminate the shared parenting plan and to be named sole residential parent, as well as its decision setting child support. Appellant assigns four errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred in adopting the magistrate's report and recommendation because it is not in the best interest of the children."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court erred in adopting the Magistrate's Report and Recommendation because it did not address all of the issues before the court."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "The trial court erred in adopting the magistrate's report and recommendation because it was based on the guardian ad litem's findings and report which were preconceived before the investigation took place."
 {¶ 13} In her first three assignments of error, appellant sets forth various alleged errors by the domestic relations court in adopting the magistrate's decision. In all of these assignments of error, appellant essentially argues that the domestic relations court abused its discretion in denying appellant's motion to terminate the shared parenting agreement and to be named sole residential parent. Therefore, we will address appellant's first three assignments of error together.
 {¶ 14} A trial court has broad discretion to modify a shared parenting agreement, or to terminate it altogether. Dobran v. Dobran, Mahoning App. No. 02 CA 14, 2003-Ohio-1605, at ¶ 14. A trial court's decision regarding the modification or termination of a shared parenting agreement may be reversed only when the trial court abuses that discretion. SeeDonovan v. Donovan (1996), 110 Ohio App.3d 615, 618. An abuse of discretion is more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} R.C. 3109.04(E)(2) states the circumstances in which a trial court may modify or terminate a shared parenting agreement. R.C.3109.04(E)(2)(c) permits a court to terminate a shared parenting agreement, which was previously generated by the consensus of both parties, upon the request of either parent or "whenever it determines that shared parenting is not in the best interest of the children." In determining the children's best interest and whether shared parenting is in the children's best interest, a trial court is required to consider the factors in R.C. 3109.04(F)(1)(a)-(j) and R.C. 3109.04(F)(2)(a)-(e).
 {¶ 16} After stating that it had reviewed the best interest factors in R.C. 3109.04(F)(1) and R.C. 3109.04(F)(2), the domestic relations court concluded that the original shared parenting agreement was still in the children's best interest. The court heard testimony from appellant, appellee, the children's guardian ad litem, appellant's mother, appellee's mother, and appellee's cousin. According to the court, the testimony showed that the children had good relationships with both parents, and that the children were comfortable in both homes. The court stated that while the parties recently experienced difficulty communicating, the parties had previously shown the ability to effectively communicate. The court noted that the parties were able to operate under their own negotiated schedule for a significant period of time without court intervention. Further, the court noted that the parties lived in close proximity to each other, and would live almost as close even after appellant's scheduled move. Lastly, the court noted that the children's guardian ad litem had investigated issues raised by the parties, and recommended shared parenting.
 {¶ 17} Appellant argues that the testimony at the hearing required a finding that the shared parenting agreement was no longer in the children's best interest. Specifically, appellant argues that the children's need for a more stable routine, appellee's emotional and verbal abuse of her in front of the children, and inappropriate sleeping arrangements at appellee's home supported the conclusion that the shared parenting agreement should be terminated.
 {¶ 18} After reviewing the record, we do not find that the domestic relations court abused its discretion in denying appellant's motion. Appellee's alleged emotional and verbal abuse of appellant in front of the children, while testified to by appellant, was denied by appellee at the hearing. Further, while appellant testified that the children's sleeping arrangements at appellee's home were inappropriate, others, including appellee, the guardian ad litem, and appellee's mother, testified that the sleeping arrangements were adequate for the time being. With regard to the stability of the children's routine, there is ample evidence in the record that the children would have a schedule that is not overly disruptive, especially given the close proximity of the parents' homes. Given the ample amount of supporting evidence in the record, we find no abuse of discretion.
 {¶ 19} Appellant also argues that the court failed to consider several relevant issues including the children's sleeping arrangements at appellee's home, the children's relationship with appellee's mother, appellee's salary for child support purposes, and the veracity of the witnesses. Contrary to appellant's argument, we find no error. It is true that the court did not specifically discuss certain issues in the analysis portion of its decision, such as the sleeping arrangements and the children's relationship with appellee's mother. Nevertheless, viewing the record as a whole, we are confident that the court took into account all issues relevant to the best interest of the children, and did not abuse its discretion in rendering its decision. Further, appellant's argument that the guardian ad litem's view of the case was "preconceived," is wholly unsupported by the record.
 {¶ 20} Accordingly, after reviewing the record and considering appellant's arguments, we find no abuse of discretion by the domestic relations court. The court did not err in denying appellant's motion to terminate the shared parenting agreement and to be named sole residential parent. We overrule appellant's first three assignments of error.
 {¶ 21} Assignment of Error No. 4:
 {¶ 22} "The trial court erred in adopting the magistrate's report and recommendation concerning child support because it was contrary to law."
 {¶ 23} In this assignment of error, appellant argues that the domestic relations court did not properly calculate child support in accordance with Ohio law. Appellant argues that the court did not clearly state the presumptive child support amount nor did the court properly set forth findings of fact before deviating from the presumptive amount.
 {¶ 24} Generally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support. Coleman v.Campbell, Geauga App. No. 2001-G-2401, 2002-Ohio-3841, at ¶ 12, citingHurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5. A court may deviate from those guidelines at its discretion, but only upon consideration of the statutory factors listed in R.C. 3119.23, and upon a determination that the amount calculated pursuant to the basic child support schedule "would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3109.22; Coleman at ¶ 12, citingCarpenter v. Reis (1996), 109 Ohio App.3d 499, 504. R.C. 3119.22 also requires findings of fact to support that determination.
 {¶ 25} The record shows that the domestic relations court completed two child support computation worksheets. The first worksheet calculated appellee's child support obligation for the time period appellee worked at XPEDX. Line 24 of that worksheet shows a "deviation adjustment" of $1,863.20. The domestic relations court subtracted that amount from the "actual annual obligation" to reach appellee's "final support figure" of $5,600.92 on Line 25. Based on that figure, the court ordered appellee to pay $233.37 per child per month for the time period of October 11, 2002 to August 7, 2003, when appellee was employed at XEPDX. There is no determination on the record that the "actual annual obligation" for this time period as calculated in the worksheet "would be unjust or inappropriate and would not be in the best interest of the children."
 {¶ 26} The second worksheet calculated appellee's child support obligation for the time period he worked at Professional Computer Consultants. The "actual annual obligation" and the "final support figure" on that worksheet was $3,262.03. However, the domestic relations court used additional calculation sheets to calculate a "deviation due to residential time allocation." After taking into account that deviation, the support amount was $1,185.10. Based on that figure, the domestic relations court ordered appellee to pay $49.38 per child per month for the time period after August 7, 2003 when appellee began his employment at Professional Computer Consultants. There is no determination on the record that the "actual annual obligation" for this time period as calculated in the worksheet "would be unjust or inappropriate and would not be in the best interest of the children."
 {¶ 27} A trial court must adhere to the dictates of the General Assembly and strictly comply with the provisions of the child support statutes. Dickson v. Dickson, Warren App. No. CA2001-11-094, 2002-Ohio-2181, at ¶ 23-24, citing Marker v. Grimm (1992),65 Ohio St.3d 139, 143. Because the domestic relations court did not make the required determination in R.C. 3119.22 or the findings of fact to support such a determination before deviating from the "actual annual obligation," we reverse the court's decision. We remand this case to the domestic relations court for a recalculation of appellee's child support obligation. If the court deviates from the "actual annual obligation," it must, pursuant to R.C. 3119.22, determine on the record that the "actual annual obligation" would be unjust or inappropriate and would not be in the best interest of the children. Further, if the court makes such a determination, the court must provide findings of fact to support that determination. See R.C. 3119.22. Accordingly, we sustain appellant's fourth assignment of error.
 {¶ 28} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Young, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was argued, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.